UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | : | |
| GEORGE K. BOYER, | : | BANKRUPTCY COURT NO. |
|    Debtor. | : | 03-03104 (LMW) |
| | : | |
| REPUBLIC CREDIT CORPORATION I, | : | |
|    Appellant, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-00672 (VLB) |
| GEORGE K. BOYER, | : | |
|    Appellee. | : | March 27, 2008 |

## MEMORANDUM OF DECISION
## AFFIRMING BANKRUPTCY COURT JUDGMENT

The appellant, Republic Credit Corporation I ("Republic"), appeals from the judgment of the bankruptcy court granting a discharge to the debtor, George K. Boyer ("debtor"), in his Chapter 7 bankruptcy proceeding. See In re Boyer, 367 B.R. 34 (Bankr. D. Conn. 2007). On appeal, Republic claims that the bankruptcy court made erroneous factual findings and misinterpreted the law. For the reasons given below, the judgment of the bankruptcy court is AFFIRMED.[1]

The following facts are relevant to this appeal. Republic, which is one of the debtor's unsecured creditors, alleged that the debtor had concealed his interest in certain real and personal property that he transferred to his wife, Mary

---

[1] This is the second appeal that Republic has filed in the debtor's Chapter 7 proceeding. This Court previously affirmed the order of the bankruptcy court approving the settlement of certain constructive trust claims against numerous individuals and entities associated with the debtor. See In re Boyer, 372 B.R. 102 (D. Conn. 2007).

Boyer, for no consideration in the 1980s. Republic further alleged that the debtor's son, Kenneth Boyer, employed the debtor from 2000 through 2002 but paid his wages directly to Mary Boyer. Republic filed a complaint against the debtor on July 18, 2003, approximately two years after he filed his Chapter 7 petition. The complaint sought a denial of discharge on the grounds that the debtor had (1) concealed his interests in the real and personal property and wages in violation of 11 U.S.C. § 727(a)(2)(A) and (2) knowingly and fraudulently failed to list those interests in his bankruptcy petition, schedules, and statement of financial affairs in violation of 11 U.S.C. § 727(a)(4)(A).

Section 727(a) provides, <u>inter alia</u>, that the bankruptcy court "shall grant the debtor a discharge" as long as the debtor has not concealed his property or knowingly and fraudulently made a false oath.[2] Although § 727(a)(2)(A) refers to concealment of property in the year preceding the filing of the petition, the "continuing concealment" doctrine extends the reach of § 727(a)(2)(A) to property transfers prior to the one-year period if the debtor retained a secret interest in the property at the time of transfer and continued to conceal that interest during the one-year period. See <u>In re Palermo</u>, 370 B.R. 599, 612 (Bankr. S.D.N.Y. 2007). Republic's complaint thus alleged that when the debtor transferred property to

---

[2] 11 U.S.C. § 727(a) provides in relevant part: "The court shall grant the debtor a discharge, unless . . . (2) the debtor, with intent to hinder, delay, or defraud a creditor . . . has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—(A) property of the debtor, within one year before the date of the filing of the petition . . . . [or] (4) the debtor knowingly and fraudulently, in or in connection with the case—(A) made a false oath or account . . . ."

2

Mary Boyer in the 1980s, he retained a secret interest in the property and continued to conceal it during the year preceding the filing of his petition.

The bankruptcy court conducted a trial on Republic's complaint over eight days between August 1, 2005 and March 21, 2006 and then issued its decision in favor of the debtor on April 9, 2007. As to Republic's claim regarding the allegedly concealed property interests, the court found that Republic had failed to satisfy its burden of proving that the debtor acted with intent to defraud pursuant to § 727(a)(2)(A) when he transferred his real and personal property to Mary Boyer. The court credited the debtor's testimony that he made the transfers on the advice of his attorney as part of an estate plan. The court also noted that the sworn deposition testimony of that attorney corroborated the debtor's account. Therefore, the court rejected Republic's claim that the debtor had anticipated the collapse of his real estate business in 1989 and 1990 and transferred the property to Mary Boyer in order to avoid his creditors. Because of its finding of lack of intent to defraud in the 1980s, the court was unpersuaded that the debtor had the necessary fraudulent intent pursuant to the "continuing concealment" doctrine in the year preceding the filing of his petition. In re Boyer, 367 B.R. at 45-46.

The court also found that Republic had failed to satisfy its burden of proving that the debtor acted knowingly and fraudulently pursuant to § 727(a)(4)(A) when he omitted the property from his bankruptcy petition, schedules, and statement of financial affairs. The court determined that the debtor lacked the subjective belief that he had an interest in the property. In re

Boyer, 367 B.R. at 46.

As to Republic's claim regarding Kenneth Boyer's alleged payment of the debtor's wages directly to Mary Boyer, the court found that Kenneth Boyer's payments to Mary Boyer did not represent the debtor's wages from 2000 to 2002. Instead, the court credited the testimony of Kenneth Boyer and Mary Boyer that the payments related to a loan that Mary Boyer gave to Kenneth Boyer in order to avoid foreclosure of an investment property. In return for a $95,000 loan, Kenneth Boyer agreed to pay Mary Boyer an additional 150 percent of that amount, or $142,500, in the form of biweekly payroll checks from 2000 to 2002, even though Mary Boyer performed no work for Kenneth Boyer's business. Mary Boyer requested that arrangement because she wanted to receive health insurance as an employee of Kenneth Boyer's company. The court noted that the arrangement "may have been unorthodox" but that Kenneth Boyer and Mary Boyer were credible witnesses. Accordingly, the court rejected Republic's claim that the payments were disguised or concealed compensation owed to the debtor for his employment by Kenneth Boyer. Id. at 46-47. On April 16, 2007, Republic filed this appeal from the judgment in favor of the debtor.

Jurisdiction over this appeal is conferred by 28 U.S.C. § 158(a)(1). In reviewing the judgment of the bankruptcy court, Fed. R. Bankr. P. 8013 provides in relevant part: "Findings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." "A finding is clearly erroneous when,

4

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . The bankruptcy court's conclusions of law, however, are reviewed de novo." In re Guadalupe, 365 B.R. 17, 19 (D. Conn. 2007).

On appeal, Republic claims that the bankruptcy court improperly determined that the debtor lacked intent to defraud in connection with the property transfer to Mary Boyer and his omission of that property from his bankruptcy petition, schedules, and statement of financial affairs. "The issue of a debtor's intent is a question of fact, or of inference to be drawn from facts, for the bankruptcy court to determine." In re Estarellas, 338 B.R. 538, 541 (Bankr. D. Conn. 2006). As the court in the present case noted, the issue of intent depends "largely upon an assessment of the credibility and demeanor of the debtor." In re Boyer, 367 B.R. at 44 (citing In re Sterman, 244 B.R. 499, 504-505 (D. Mass. 1999)).

Republic argues that the court should not have credited the debtor's estate planning explanation for the property transfer to Mary Boyer or the corroborating testimony of the debtor's attorney at the time. Republic points out that the debtor's attorney did not practice estate planning and that the attorney was a friend and business associate of the debtor, having owned one share of a limited partnership of which the debtor was the general partner, and having transferred that one share to Mary Boyer for no consideration. Republic also cites the lack of evidence that the debtor engaged in estate planning after receiving his attorney's advice. Furthermore, Republic argues that despite the debtor's transfer to Mary

Boyer, he retained all the benefits of ownership of the property and contributed to the mortgage payments, taxes, insurance, maintenance, electricity, and heating. In light of those facts, Republic contends that there were sufficient "badges of fraud"[3] for the court to infer fraudulent intent.

Although Republic has identified evidence on which the bankruptcy court reasonably could have found that the debtor had fraudulent intent, the court chose to credit evidence to the contrary. It is not this Court's role to retry the case or to weigh the evidence as it sees fit. On the basis of the cold record alone, this Court does not have the definite and firm conviction that the bankruptcy court's decision to credit the testimony of the debtor, his attorney, Kenneth Boyer, and Mary Boyer was clearly erroneous.

The judgment of the bankruptcy court is AFFIRMED. The Clerk is directed to CLOSE this file.

                                      IT IS SO ORDERED.

                                      /s/
                              Vanessa L. Bryant
                              United States District Judge

Dated at Hartford, Connecticut: March 27, 2008.

---

[3] "Badges [of fraud]" which are strong indicators of a debtor's illicit intent in a diversion/concealment scenario include the following: (1) family or close relationship between the participants; (2) lack of consideration for the property diverted; (3) enjoyment of possession for use and benefit; (4) financial condition of the debtor before and after the diversion; (5) cumulative effect of transactions and course of conduct after financial difficulties arise; and (6) general chronology and timing of events." In re Ogalin, 303 B.R. 552, 558 (Bankr. D. Conn. 2004).